UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES LEE HOOKER,

    Plaintiff,

v.      CAUSE NO.: 3:18-CV-794-RLM-MGG

JACOB KOCH, ATLEY PRICE, and
JOHN ESPAR,

    Defendants.

## OPINION AND ORDER

James Lee Hooker, a prisoner without a lawyer, filed a complaint against three defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Two of these defendants are immune from suit. Prosecuting Attorney John Espar and Deputy Prosecutor Atley Price are alleged to violated Mr. Hooker's rights by charging him with multiple crimes despite having insufficient evidence. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). See also Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003)

("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Though Mr. Hooker also seeks his release from jail, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." Heck v. Humphrey , 512 U.S. 477, 481 (1994).

Mr. Hooker also names Detective Jacob Koch as a defendant. It appears Detective Koch was involved with investigating and arresting Mr. Hooker, but it is unclear what Mr. Hooker believes Detective Koch did that violated his rights since it was the prosecutors who filed charges against him. Therefore this complaint does not state a claim upon which relief can be granted. Nevertheless, if Mr. Hooker has additional facts and allegations to make about Detective Koch, he may file an amended complaint. *See* Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to James Lee Hooker; and

(2) GRANTS James Lee Hooker until **January 10, 2019**, to file an amended complaint on that form.

If Mr. Hooker doesn't respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because two of the defendants are immune from suit and he has not stated a claim against the third defendant.

SO ORDERED on December 11, 2018

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT